CHUN YING LIU, Li Qun Wu, Petitioners,

v.

BUREAU OF CITIZENSHIP AND IMMIGRATION SERVICES, Respondent.

Nos. 04–6238–AG, 04–6239–AG, 05–0952 and 05–0953.

United States Court of Appeals, Second Circuit.

Jan. 30, 2006.

Theodore N. Cox, New York, New York, for Petitioner.

Rod J. Rosenstein, United States Attorney, Kristine L. Sendek–Smith, Assistant United States Attorney, District of Maryland, Baltimore, Maryland, for Respondent.

PRESENT: HON. DENNIS JACOBS, HON. CHESTER J. STRAUB, and HON. SONIA SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, Foley Square, in the City of New York, on the 30th day of January, two thousand and six.

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED AND DECREED that the petitions for review of decisions of the Board of Immigration Appeals ("BIA") are DENIED.

Chun Ying Liu and Li Qun Wu (collectively the "Petitioners") petition for review of a November 9, 2004 order of the BIA affirming an immigration judge's ("IJ") order denying their application for asylum and withholding of removal and the BIA's February 8, 2005 denial of Liu's motion to reopen the removal proceedings. We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under 8 U.S.C. §§ 1158(a)(3), 1252(a)(2)(D), this Court lacks jurisdiction to review the IJ's finding that Liu had failed to prove by clear and convincing evidence that her asylum claim was filed within one year of her entry into the United States. *Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144 (2d Cir.2006). We nevertheless retain jurisdiction to review the BIA's denial of Petitioners withholding of removal claims. Because claims for withholding of removal face a heavier burden of proof than claims for asylum, *see Zhou Yun Zhang v. INS,* 386 F.3d 66, 71 (2d Cir.2004), an applicant who fails to establish eligibility for asylum necessarily fails to establish eligibility for withholding where, as here, the applicant's testimony is the only evidence that his or her "life or freedom would be threatened" in the home country. 8 U.S.C. § 1231(b)(3)(A). Accordingly, even if we had jurisdiction over Petitioners' asylum claims, our disposition of Petitioners' withholding of removal claims would control the disposition of the asylum claims.

Where the BIA summarily affirms the decision of an IJ, this Court reviews the IJ's decision as the final agency determination. *Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). This Court reviews an IJ's factual findings under the substantial evidence standard, and "a finding will stand if it is supported by 'reasonable, substantial, and probative' evidence in the record when considered as a whole." *Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003) (quoting *Diallo v. INS,* 232 F.3d 279, 287 (2d Cir.2000)). Credibility determinations are also reviewed under the substantial evidence standard of review, and this Court's review of an adverse credibility determination is "highly deferential." *Xu Duan Dong v. Ashcroft,* 406 F.3d 110, 111 (2d Cir.2005) (*per curiam* ). "Where the IJ's adverse credibility finding is based on specific examples in the record of inconsistent statements by the asylum applicant about matters material to his [or her] claims of persecution, or on contrary evidence or inherently improbable testimony regarding such matters, a reviewing court will generally not be able to conclude that a reasonable adjudicator was compelled to find otherwise." *Zhou Yun Zhang,* 386 F.3d at 74 (internal quotation marks omitted).

■ Here, substantial evidence supported the IJ's determination that Liu lacked credibility because, contrary to the Petitioners' assertions, the discrepancies surrounding Liu's medical records and her explanation for her failure to inform her doctor of her prior abortions goes to the heart of her claim for withholding of removal. Moreover, the IJ found numerous other specific discrepancies in Liu's testimony including, *inter alia,* the date she entered the United States, her employment, her reasons for not having more children, whether she had used an alias, whether she was in hiding during the birth of her first child, and where her first child was born. Although a reasonable adjudicator could have accepted Liu's explanations for the inconsistencies, the IJ was not compelled to credit those explanations given the extensive inconsistencies between Liu's testimony and her submitted documentation. Because Wu joined Liu's application, the IJ's credibility determination applies equally to Wu. Accordingly, the BIA did not abuse its discretion in

denying the Petitioners' withholding of removal claims based on the IJ's adverse credibility finding.

The BIA also did not abuse its discretion in denying Petitioners' motion to reopen because the affidavit of John Aird is not evidence that was previously unavailable or undiscoverable when the majority of the removal hearing, including an opportunity to submit evidence, took place in August 2003 and the affidavit was dated May 2003. Moreover, the BIA did not abuse its discretion in concluding that the affidavit, a generalized statement about family planning conditions in China, did not alter the IJ's conclusions concerning the specifics of Petitioners' claim.

Accordingly, we deny the petitions for review. We also deny the pending motion for a stay as moot.